UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                              Chapter 11

TILE TEX INDUSTRIES, INC.,                         Case No. 10-49475

                Debtor.
-------------------------------------------------------------x

        Yaakov Gross, says under penalty of perjury, as follows:

        1.        I am the president of Tile Tex Industries, Inc. (the "Debtor").

        2.        On October 7, 2010, the Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code").

        3.        The Debtor is an affiliate of Fulton Lumber and Home Center Inc., and the Debtor's business is the ownership of vehicles used by Fulton Lumber to make deliveries.

        4.        As set forth in the Debtor's schedules, the Debtor owns four vehicles. Two of those were financed by Wells Fargo Equipment Finance, Inc. as successor in interest to CIT Group/Equipment Financing Inc. ("CIT"). Specifically, pursuant to the Loan and Security Agreement annexed hereto as Exhibit A, on September 25, 2006, the Debtor borrowed $257,578 to purchase a 2007 Sterling LT9500 truck equipped with a Cormach crane/wallboard loader (the "Sterling Truck"). That loan has a 72 month term, bears interest

1

at 8.27%, and requires monthly payments of $4,550, and matures on or about October 29 2012. Pursuant to the Loan and Security Agreement annexed hereto as Exhibit B, on March 16, 2006, the Debtor borrowed $136,500 to purchase a 2005 Kenworth T300 flatbed truck equipped 2005 Princeton P350 forklift (the "Kenworth Truck"). That loan has a 60 month term, requires monthly payments of $2,275, and matures on or about April 16, 2011.

5. The Debtor does not have appraisals for the vehicles.

6. Payments to CIT and for expenses incurred in connection with the Debtor's ownership of its vehicles were being made by Fulton Lumber. Unfortunately, due to a downturn in the contracting business, Fulton Lumber fell behind on payments. On or about October 23, 2010, at a time when the Debtor's business was closed for a religious reasons, CIT entered the Debtor's property and seized the Sterling Truck and the Kenworth Truck. CIT also seized an unliquidated amount of the Debtor's inventory which was on the Trucks.

7. The Debtor filed this petition for the short term purpose of recovering the vehicles and inventory seized, and in the longer term, the Debtor intends to file and confirm a plan of reorganization that will pay the amounts due to CIT under Chapter 11 of the Bankruptcy Code.

8. In the meantime, Fulton Lumber has agreed to pay CIT the monthly amounts due as set forth in the loan agreements, as well such other amounts as may be necessary to preserve and protect the value of the Debtor's vehicles.

9. The Debtor's assets and liabilities are set forth in the Schedules filed herewith.

10. No committee of creditors was previously appointed hereto.

11. There is no prior pending bankruptcy case.

12. The schedule of twenty (20) largest unsecured creditors is annexed to the petition. The Debtor has less than 20 unsecured creditors.

13. There is no pending litigation involving the Debtor.

14. No shares of stock, debentures or other securities of the Debtor or any subsidiary of the Debtor are publicly held.

15. I will be responsible for the Debtor's management during this case.

16. Post-petition, the Debtor's anticipated disbursements for the next 30 days will be limited to the payment of monthly adequate protection to CIT and GE Capital, the secured lender with a lien on the Debtor's 2007 Hino Boxtruck.

By: <u>s/Yaakov Gross, President</u>